GRIFFIN, J.
Richard Hillengas [“Hillengas”] appeals the denial of his 3.850 motion for post-conviction relief.
Hillengas was convicted after a jury trial of two counts of burglary in case number 96-3379. He also pled guilty to aggravated assault in case number 95-704. He was sentenced as a habitual violent felony offender in case number 96-3379 to fifteen years imprisonment followed by five years probation on both counts. He was sentenced in case number 95-704 to five years imprisonment, with all sentences to run concurrently.
*1195 Hillengas subsequently filed a motion for post-conviction relief. Counsel was appointed to represent him, and an amended motion was filed. The amended motion alleged as an additional ground for relief that defense counsel was ineffective in case number 96-3379 because of the failure to investigate and present evidence that defendant’s “address” was the same as that of the premises he was alleged to have burglarized. The motion further alleged that “[t]he charge of Burglary/enhanced has an element of ownership or by negative inference lack of ownership.”
The court held an evidentiary hearing on a number of Hillengas’- claims for ineffective assistance of counsel. Regarding Hil-lengas’ claim that he was residing at the address he was alleged to have burglarized in case number 96-3379, Hillengas’ former defense counsel, Jim Valerino [“Valerino”], testified that Hillengas had informed him during their initial meeting that he was twenty-one years old, was on community control, and had no home address at the time of the offense. Hillengas said that he had been staying at the apartment of a friend for two days, when he was told to leave and was thrown out. On the day of the incident, Hillengas went to the victim’s door with his co-defendant, who knocked on the door. Both Hillengas and the co-defendant pulled pistols on the victim and Hillengas beat the victim with his pistol. Valerino denied that he had been told that Hillengas was living at the victim’s home when the offense occurred. He reiterated that Hillengas “told me he was there for about two days, was told to leave and then he was thrown out.”
Hillengas also testified that he had been thrown out of the residence by the victim prior to the incident, during the following exchange with counsel:
Q. As far as your residence what did you-all discuss concerning you’re living there, residing there and your community control officer, anything?
A. I told him that I was on community control and that I had notified him that I was staying there and I stayed there for a few days. It was agreed that I was going to stay there because I was getting an apartment and I had to wait for them to finish the carpeting and paint and it was agreed upon I would stay there until then and after a few days, I guess and about three or four days, he decided he didn’t want me to live there any more and decided to throw me out.
Q. And this was in agreement with the victim who actually resided there?
A. Yes.
The court ruled:
The Defendant alleges that counsel was ineffective for failing to raise the affirmative defense of consent to rebut a burglary charge. The Defendant alleges in the motion that he was a resident of the home he was accused of burglarizing. However, at the hearing, counsel testified that at their first meeting, Hil-lengas stated that he did not have a local address and that he had been kicked out of the victim’s residence after a brief stay there. Therefore, counsel cannot be found ineffective for failing to present a defense that the facts, as provided to him by his client, did not support. The Motion is denied as to this ground as failing to meet either ground of the Strickland test.
We agree with the trial court’s disposition.
AFFIRMED.
SAWAYA and ORFINGER, R.B., JJ., concur.